IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | |
| | * | No. 4:16-CR-00003-02 BRW |
| CURTIS HACKER, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Defendant, Curtis Hacker, filed a Motion for Reconsideration (Doc. No. 26) of my earlier Order of Detention (Doc. No. 22). The United States opposes the Motion (Doc. No. 28).

On January 19, 2016, I found by clear and convincing evidence that Mr. Hacker was a danger to the community and no condition or combination of conditions could be imposed to assure the safety of the community. *Id.* I specifically found Mr. Hacker lied to me about his employment, failed a urinalysis, and failed to successfully complete a court-ordered inpatient drug rehabilitation program.

Mr. Hacker sets outs the following grounds in support of his Motion:

1) Defendant is gainfully employed with full-time and permanent employment;

2) Defendant believes his failed urinalysis resulted from residue of a controlled substance not completely removed from his system;

3) Defendant will submit to inpatient drug rehabilitation treatment.

Title 18 U.S.C. § 3142(f) allows reconsideration of a detention order only if "the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of release. *Id.* (emphasis added). While defense counsel is credited for zealously advocating for his client, the submitted grounds for relief fail to bear

materially on my reasons for detention.  So pursuant to the Bail Reform Act, Defendant's Motion For Reconsideration is DENIED.

    IT IS SO ORDERED this <u>25th</u> day of February, 2016.

                                                            _____
                                                             JOE J. VOLPE
                                                             UNITED STATES MAGISTRATE JUDGE